RAUTH *v.* DAVENPORT *et al.*

*(Supreme Court, General Term, First Department. April 14, 1892.)*

1. COSTS IN PROBATE PROCEEDINGS—PRESENTATION OF CLAIM.

In an action against executors for damages to plaintiff's goods occasioned by a leak in the roof of a building, which plaintiff had leased from the grantor of defendants' testator, it appeared that a former action for the same cause had been brought by plaintiff against one of the defendants as executor of the original lessor, and was dismissed on the ground that the wrong person was sued. The same attorney appeared for defendants in both actions, and the nature and extent of the claim were developed in the first action, and knowledge thereof was brought to defendants in the second action, on whom an oral demand for the amount had been made, though it had not been formally presented to them. *Held*, that plaintiff's claim was presented to defendants, within the meaning of Code Civil Proc. § 1836, which provides that costs may be allowed against an executor where the demand was presented and was unreasonably resisted by the executor.

2. SAME—UNREASONABLE RESISTANCE.

Where a claim for unliquidated damages against an estate is reduced upon a trial from $3,000 to $300, it cannot be said that a refusal to pay the original amount was an unreasonable resistance, warranting an allowance of costs, under Code Civil Proc. §§ 1835, 1836.

Appeal from special term, New York county.

Action by Jacob Rauth against William B. Davenport, executor, and Sophia Cardwell, executrix, of Samuel Cardwell, Sr., deceased, to recover damages for injuries to property occasioned by the leaking of water through the roof of premises leased by Samuel Cardwell, Jr., to plaintiff. Samuel Cardwell, Jr., was the owner of a leasehold in the premises, and after the lease to plaintiff he assigned to Samuel Cardwell, Sr., his father, all his right, title, and interest in and to the said premises, including all his right, title, and interest in the lease made to plaintiff. Judgment for plaintiff. From an order allowing costs to the plaintiff, and from that part of the judgment directing the recovery of costs, defendants appeal. Reversed.

For order granting a new trial on exceptions heard at general term in the first instance, see 14 N. Y. Supp. 69.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Charles H. Otis*, for appellants. *Albert I. Sire*, for respondent.

O'BRIEN, J. As shown by its title, this is an action against executors, which, after a trial, resulted in a verdict for plaintiff, for which, in addition to costs and an allowance, he was permitted to take judgment. From so much of the judgment as granted costs and allowance this appeal is taken, and, inasmuch as the action of the court was based on a stipulation made between the parties, which recites the facts, it is necessary to set forth the same at length. This stipulation was as follows: "On or about the 13th day of March, A. D. 1889, the plaintiff commenced an action against William B. Davenport, as executor of the last will and testament of Samuel Cardwell, Jr., to recover damages occasioned by the rain coming upon the plaintiff's property, as described in the complaint in this action; that the said action was tried, the complaint dismissed, went to the general term, and a new trial ordered by the general term; that the second trial came on in June, 1891, before Hon. CHARLES H. TRUAX and a jury, and the complaint was dismissed on the ground that the wrong party had been sued; that the said William B. Davenport and Sophia Cardwell are executors of the last will and testament of Samuel Cardwell, Sr.; that this action was commenced in the month of July, A. D. 1891, to recover the sum of $3,000 for the same damages claimed in the prior action against William B. Davenport, as executor of the last will and testament of Samuel Cardwell, Jr., and has now resulted in a verdict for the plaintiff for the sum of $300 damages; that no claim has ever been presented either to William B. Davenport, as executor of the last will and testa-

ment of Samuel Cardwell, Jr., or to William B. Davenport and Sophia Cardwell, executors of the last will and testament of Samuel Cardwell, Sr., or to either of them, except that an oral demand was made, and in so far as a presentation of the said claim was involved in the bringing of the actions above recited; that the defendants in this action, or either of them, have never offered or refused to refer the claim of the plaintiff, as prescribed by law."

Sections 1835 and 1836 of the Code prohibit the allowance of costs, unless the claim against the estate was duly presented, or the payment thereof unreasonably resisted, or the defendant refused to refer as prescribed by law; either of which conditions existing, the court may, in its discretion, adjudicate costs in favor of the plaintiff. *Hopkins* v. *Lott*, (N. Y. App.) 19 N. E. Rep. 273. The general rule, therefore, is that costs shall not be awarded against executors, and it is only in cases where one of the conditions has been fulfilled by the plaintiff that the court has power to award costs. The stipulation shows, as well as the conclusion of the learned trial judge, that two of the three conditions essential to awarding costs were wanting in this case, namely, the presentation of plaintiff's demand to the executors, or the refusal of the executors to refer the claim. This leaves the third, which was the ground upon which the court based its action, namely, that it appeared that the payment of the claim was unreasonably resisted or neglected by the defendant. To sustain this conclusion, it was necessary that the facts should show, not only that the claim was presented, but also that the executors unreasonably resisted or neglected its payment. When we consider the fact that the same attorney who appears here also appeared in the former action brought against the executors of plaintiff's original lessor, and that upon such trial the nature, character, and extent of the claim were developed, and knowledge thereof brought to these defendants, coupled with the fact that the stipulation itself concedes that an oral demand was made, these together, we think, would have justified the conclusion of the learned court that the claim was presented, it not being absolutely essential to comply with this condition that a formal claim should have been presented. Taking, however, the character of the claim itself, it being one for unliquidated damages for injuries to property, caused by water coming through a roof, and the fact that the claim made of $3,000 was reduced by the recovery had to $300, it cannot be claimed that a failure to pay the original amount was unreasonably refused or neglected. It is to be regretted that, in a case presenting the facts such as appeared in this action, we cannot find authority to support the conclusion reached by the learned trial judge; for after considering the amount of time and labor, and the action pursued by the same attorney who appears here for the defendants, and who appeared in the former trial for the executors of decedent's assignor, in withholding knowledge of the real owners of the property, which necessitated the several trials, and required the plaintiff, without fault on his part, from want of knowledge as to the real party in interest, to pay costs almost equal in amount to the recovery here, these considerations, were it the question of the exercise of a discretion vested in a judge, would here have been rightly and justly exercised in granting costs and allowance. We have been referred to some cases wherein it was held that some slight difference in the amount claimed and the amount recovered did not prevent the granting of costs, but we have found none where, as here, the action was one to recover unliquidated damages, and the amount was reduced from $3,000 to $300 as the result of resistance, such action on the part of the executors in not paying the claim was held to be unreasonable. We regard the law as well settled by a long line of authorities that, when a claim against the estate of a deceased debtor is materially reduced upon the trial, the resistance made by the executor is not unreasonable. Considering, therefore, the nature of the claim itself and the material reduction obtained, we are of opinion, as matter of law, that the court was without power to

award costs and grant the allowance, and for this reason, solely, the order and so much of the judgment appealed from should be reversed, without costs. All concur.